IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME VILLANUEVA on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| SOUTHERN TUBULARS SERVICES, LLC. | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1. Southern Tubulars Services, LLC. does not pay their Vacuum Installers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Southern Tubulars Services, LLC. pays its Vacuum Installers straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Jaime Villanueva, and the other Vacuum Installers are entitled to recover unpaid overtime as well as other damages.

2. Defendant Southern Tubulars Services, LLC. has a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

1

3. Defendant Southern Tubulars Services, LLC. is a domestic for-profit corporation. Southern Tubulars Services, LLC. may be served with process through its Registered Agent, Dilip Bhargava at 1 West River Crest, Houston, TX 77042.

4. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Southern Tubulars Services, LLC. who maintained a uniform pay policy denying overtime wages to its Vacuum Installers and paying them only straight time for hours worked above forty.

6. Defendant Southern Tubulars Services, LLC. employs Plaintiff at its Houston, Texas location and manages Plaintiff throughout the course and scope of his employment.

7. Putative class members are all similarly situated Vacuum Installers employed by Southern Tubulars Services, LLC. and were paid straight time instead of time and a half for hours worked above forty (40) per week.

### JURISDICTION AND VENUE

8. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper because defendant has a location in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

10.     Jaime Villanueva works for Southern Tubulars Services, LLC. as a Vacuum Installer.  His written consent is attached.

11.     Plaintiff is employed by Southern Tubulars Services, LLC. at its Houston, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA.  Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

12.     The "FLSA Class Members" are all Vacuum Installers who were employed by Southern Tubulars Services, LLC., while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

13.     Jaime Villanueva is an employee of Southern Tubulars Services, LLC. at its location in Houston, Texas.

14.     Jaime Villanueva is not an independent contractor.

15.     No exemption to the provisions of the FLSA excused Defendant from its obligation under the FLSA to pay Jaime Villanueva time and a half for the hours worked past forty (40) each week while employed by Defendant.

16.     Southern Tubulars Services, LLC. paid Plaintiff Jaime Villanueva straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

17.     Jaime Villanueva has been employed by Defendant as a Vacuum Installer since June 2016.

18.     Plaintiff's Job duties consist of straightening and connecting pipes that retrieve petroleum.

19. The work performed by Plaintiff was the primary type of work that Defendant provides for its respective clients.

20. The work performed by Plaintiff was an essential part of the services provided for Defendant's clients.

21. Southern Tubulars Services, LLC. Vacuum Installers relied on Defendant for their work.

22. Southern Tubulars Services, LLC. determined where its Vacuum Installers worked and how they performed their duties.

23. Southern Tubulars Services, LLC. set Vacuum Installers' hours and require them to report to work on time and leave at the end of their scheduled hours.

24. Southern Tubulars Services, LLC. Vacuum Installers at all locations work exclusively for Defendant since they work between 12 and 13 hours a day, as a practical matter, they cannot work anywhere else.

25. Vacuum Installers are not permitted to hire other workers to perform their jobs for them.

26. The Vacuum Installers do not employ staff, nor do they maintain independent places of business.

27. Vacuum Installers employed by Defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Southern Tubulars Services, LLC. each day.

28. The Vacuum Installers employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Southern Tubulars Services, LLC.

29. Southern Tubulars Services, LLC. pays Vacuum Installers in return for their labor.

30. Southern Tubulars Services, LLC. keeps records of the hours it instructed its Vacuum Installers to work. Defendant also keeps records of the amount of pay plaintiff and putative class members receive. Plaintiff and putative class members were paid directly via bi-weekly by pay check.

31. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them straight time instead of time and a half for the overtime hours that they worked.

32. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

33. In addition to Jaime Villanueva, Defendant employed other Vacuum Installers at the location where Plaintiff worked and at other locations. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Hector Bravo.

34. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Vacuum Installers employed by Southern Tubulars Services, LLC. at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

35. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Southern Tubulars Services, LLC. violated the FLSA.

36. Southern Tubulars Services, LLC. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

37. Southern Tubulars Services, LLC. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

38. Southern Tubulars Services, LLC. owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

39. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
<u>By:</u> */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFF**
